## LOUIS MARSHALL, Respondent, v. CONSOLIDATED JACK MINES COMPANY, Appellant.

**Kansas City Court of Appeals, July 2, 1906.**

1. **MEASURE OF DAMAGES: Death by Negligent Act: Solatium: Statute.** In actions for death by negligence under sections 2865 and 2866, Revised Statutes 1889, the measure of damages is the necessary or pecuniary injury inflicted, that is, property loss, and does not include solatium, that is, a compensation as a soothing to the affections and wounded feelings in the loss of comfort and social pleasure. Solatium is sentiment, love, or affection as distinguished from property loss. Case considered and distinguished.

2. **DEATH BY NEGLIGENT ACT: Instruction.** In action to recovery for the negligent death of a son an instruction omitting the hypothesis of the defendant's negligence or deceased contributory negligence is well objected to.

Appeal from the Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

REVERSED AND REMANDED.

*C. C. Spencer* and *A. E. Spencer* for appellant.

(1) The court committed error in instructing the jury to allow the plaintiff compensation "for the loss of the comfort and society of his son." Leahy v. Davis, 121 Mo. 227; Parsons v. Railroad, 94 Mo. 298; Haines v. Pearson, 107 Mo. App. 485; Knight v. Sadtler L. & Z. Co., 75 Mo. App. 550; Railroad v. Barker, 33 Ark. 350, 34 Am. Rep. 44; Wales v. Motor Co., 130 Cal. 521, 62 Pac. 932; Pepper v. Railroad, 105 Cal. 401, 38 Pac. 977; Potter v. Railroad, 21 Wis. 372, 94 Am. Dec. 548; Railroad v. Warner, 84 Tex. 122, 19 S. W. 449, 20 S. W. 823; Caldwell v. Brown, 53 Pa. St. 453; Railroad v. Watly, 69 Miss. 145, 13 So. 825; Holt v. Railroad, 3 Idaho 703, 35 Pac. 39; Railroad v. Wilson, 48 Fed. 57. (2) In addition, the plaintiff did not allege any damage from loss of the comfort and society of his son. He fixed his damage expressly at $4,350 "by reason of losing the services and wages of his son till of age," and $150 for funeral expenses. Mellor v. Railroad, 105 Mo. 464; Edwards v. Railroad, 79 Mo. App. 257; Lesser v. Railroad, 85 Mo. App. 331; Morris v. Railroad, 144 Mo. 508.

*H. C. Pepper* and *McAntire & Scott* for respondent.

(1) The instruction is authorized by the latest expression of the Supreme Court upon that subject. Sharpe v. Biscuit Co., 179 Mo. 560; Haynes v. Pearson, 107 Mo. App. 486; Lesser v. Railroad, 85 Mo. App. 331; Mellor v. Railroad, 105 Mo. 464. (2) The instruction referred to by appellant must be taken in connection with the first instruction. Morton v. Cramer, 180 Mo. 536; Weston v. Lackawana M. Co., 106 Mo. App. 702; Rodney v. Railway, 127 Mo. 676; Epperson v. Tel. Co., 155 Mo. 346.

ELLISON, J.—The plaintiff's minor son was killed while in the employ of the defendant. His death was charged to have been caused by the negligence of defendant in operating its mine in Jasper county and plaintiff brought his action under sections 2865 and 2866, Revised Statutes 1889, for damages. He recovered judgment in the trial court. The instructions authorized the jury to include as a part of plaintiff's damages his "loss of the comfort and society" of his son. The statute aforesaid governing the measure of damages in cases like this reads as follows: "All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 2864, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

Defendant's objection to the instructions is that by including loss of the comfort and society of the deceased, a new and unauthorized element of damage is introduced into this class of cases. We think the objection is well made. It certainly has been the understanding of the bench and bar of this State that no such element of damage could be allowed. There are few questions upon which the ruling has been more consistent or more frequent; and until a remark in a case which we shall presently notice, we had never heard it doubted. The following adjudications, among others, ought to have put the matter at rest and doubtless would have done so, but for what we regard as an inadvertent remark in the case to which we have just referred. Beginning in 1879, we have the following decisions which condemn such measure of damages: Porter v. Railway, 71 Mo. 66, 81; Rains v. Railway, 71 Mo. 164, 169; Morgan v. Durfee, 69 Mo. 478; Nagle v. Railway, 75 Mo. 653;

Stoher v. Railway, 91 Mo. 509; Parsons v. Railway, 94 Mo. 286; McPherson v. Railway, 97 Mo. 253, 259; Schaub v. Railway, 106 Mo. 74, 93; McGowan v. St. Louis Ore Co., 109 Mo. 518, 531; Leahy v. Davis, 121 Mo. 227; Behen v. Transit Co., 186 Mo. 430, 447. To these may be added the following from this court and the St. Louis Court of Appeals. [Hickman v. Railway, 22 Mo. App. 344; Coleman v. Land Co., 105 Mo. App. 254, 272; Brunke v. Telephone Co., 112 Mo. App. 623.]

But in Sharp v. National Biscuit Co., 179 Mo. 553, there is the following statement made by Judge MARSHALL in the course of the opinion: " 'The necessary injury' referred to in the statute may or may not include the net loss of services, but it also covers other injuries besides loss of services. It includes loss of the comfort, society and love of the child. In this case the parents lost both and were entitled to compensation for both." That statement was not the point in judgment in that case. It was made upon the objection which the defendant in the case had made to an instruction on the measure of damages which directed the jury that the plaintiffs were entitled to what their son would have earned until he became twenty-one years old, minus the cost of his support, maintenance, and clothes. The judge held that whatever error was in the instruction was in defendant's favor for which it could not ask a reversal. To show why the error was in defendant's favor it was added that the instruction confined the plaintiffs' damages to a loss of the son's services until he was of age, minus his support; when they were entitled also to have damage for loss of his comfort, society and love. As before stated, we think the statement was inadvertently made, and it doubtless was the cause of the trial court giving the instruction complained of in this case.

Our statute uses the words "necessary injury," while the statute of some of the states uses the words "pecuniary injury." But the Supreme Court has always

119 App,—18

taken the two words to mean the same thing, that is, that "necessary" injury was "pecuniary" injury; and so that court has used the words interchangeably. All of the cases confine the damages to property loss. A claim for such damages is stripped of all sentiment and hence nothing as a *solatium* is allowed. *Solatium* means, rather a compensation as a soothing to the affections or wounded feelings, and for loss of the comfort and social pleasure there is in the association between members of a family. *Solatium*, is sentiment, love, or affection as distinguished from a property loss. And, as such, it is the very thing the law says shall not be allowed.

Indeed, the only theory upon which the statute was enacted was that in the death caused by negligence, the survivor or survivors named in the statute, suffered a *property* loss — that the damages are such as result to the *property rights* of such survivors; and the action is allowed to survive the death of the beneficiaries on the idea that the wrongful act in killing the deceased was an injury to the *estate* of the beneficiaries and therefore ought to be prosecuted by their proper representative after their death and the judgment collected as assets of their estate. [Matter of Meekin v. Railway, 164 N. Y. 145; Cooper v. Shore Electric Co., 63 N. J. L. 558.] It may well be that a property right, or a pecuniary loss, may consist of the loss of the education and training which a parent may give. It has been so held (91 Mo. 518). But whatever matter is taken into account as enhancing the damages, must be something which will affect the plaintiff in a pecuniary sense. In such circumstances, we feel justified in concluding that the statement made by Judge MARSHALL was merely an unguarded one, in support of his view as to the objection made by defendant in that case to the instruction criticized. It seems to be manifest that it was not intended to overrule the cases to which we have referred,

nor to disregard the reason upon which the statute was enacted.

But however that may be, we have a later decision of the Supreme court (Behen v. Transit Co., 186 Mo. 430) in which the question whether the action survives the death of the beneficiaries is discussed by Judge VALLIANT, wherein the case just referred to from New York and that from New Jersey are cited with approval; and wherein it clearly appears that the court does not intend to depart from the rule it has so often stated; and wherein the judge states that these "damages are given as compensation to the plaintiff for his pecuniary loss in the death of the person killed."

There were some objections to other instructions as not being supported by evidence. As the case is to be retried, perhaps such objections will be avoided. The instructions are not numbered and it is difficult to designate them; but there is one for plaintiff on page 85 of the abstract which omits all question of the defendant being negligent, as well as whether plaintiff's son was exercising ordinary care as explained in other instructions. The objections stated on this account were well made.

The judgment is reversed and the cause is remanded. All concur.