DANDO et al., Respondents, v. HOME TELEPHONE COMPANY, Appellant.

St. Louis Court of Appeals, May 28, 1907.

DAMAGES: Minors: Loss of Companionship. In an action by parents for damages for the death of their son, alleged to have been due to. the negligence of the defendant, the plaintiffs were not entitled to recover, as an element of damage, for the loss of the companionship and society of the son.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

REVERSED AND REMANDED.

*Gleed, Ware & Gleed, Sebree & Farrington,* and *George Pepperdine* for appellant.

(1) Damages should always be compensatory only, unless the act committed was done wilfully, wantonly, or attended by some other circumstance or circumstances of gross negligence. Franz v. Hilterbrand, 45 Mo. 121; Brown v. Plank Road Co., 89 Mo. 152. (2) By the great weight of authority in jurisdictions outside of Missouri in action by parents for the wrongful death of their child, damages cannot be recovered for loss of society and companionship of the deceased. Railroad v. Barker, 33 Ark. 350; Wales v. Motor Co., 130 Col. 521; Harrison v. Railroad, 116 Cal. 156; Holt. v. Spokane R. Co., 3 Idaho 703; Railroad v. Watley, 69 Miss. 145; Caldwell v. Brown, 53 Pa. St. 453; Railroad Co. v. Warner, 84 Tex. 122; Potter v. Railroad, 21 Wis. 372.

*Delaney & Delaney* for respondents.

(1) The court correctly declared the law on the measure of damages. In determining the amount of damages to be awarded the jury were instructed: "To allow them a reasonable sum to compensate them for

the loss of the companionship and society of their son for the period of his minority. Mental anguish or grief on his death is not an element of damages and should not be considered." Sharp v. Biscuit Co., 179 Mo. 553; Hennessey v. Brew. Co., 145 Mo. 104; Railroad v. Goodman, 62 Pa. St. 329; Railroad v. Madray, 57 Ark. 306; Railroad v. Stanley, 83 Fed. 82; Cleary v. Railroad, 76 Calif. 240; Nehbras v. Railroad, 62 Calif. 336; Beeson v. Railroad, 57 Calif. 20; Wells v. Denver, 7 Utah 482. (2) This instruction, as was intended by the court and by counsel for respondents, presents the issue squarely for the consideration of this court, to-wit: What measure of damage is fixed by section 2865, Revised Statutes 1899? The language used authorizes the jury to award such damages as they may deem "fair and just with reference to the necessary injury resulting from such death, . . . and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

PER CURIAM.—In this action the plaintiffs asked damages for the death of their minor son alleged to have been due to the negligence of the defendant company while said son was in its employ. The facts of the case need not be stated. We think they were sufficient to send the case to the jury and, indeed, it is not seriously insisted to the contrary. In the instruction on the measure of damages, the court, along with other elements of damage, allowed the jury to assess damages for the plaintiffs for the loss of companionship of their son. This part of the instruction was as follows:

"And again: You are to allow them a reasonable sum to compensate them for the loss of the companionship and society of their son for the period of his minority. Mental anguish or grief on his death is not an element of damages and should not be considered by you in making up your verdict."

In the case of Marshall v. Consolidated Jack Mines Co., 95 S. W. 972, and Calcaterra v. Iovaldi, 123 Mo. App. 347, the Kansas City Court of Appeals and this court held on a review of all the authorities, both old and new, in this State, that the recovery of the plaintiff in such an action must be confined to the pecuniary loss sustained by the death of the child. Without going into the matter further, we refer to those cases in support of this ruling.

The judgment is reversed and the cause remanded. All concur.