# Birmingham Railway, Light & Power Co. *v.* Baker.

*Damages by Parent for Injury to Child.*

(Decided May 12, 1909.　49 South. 755.)

1. *Parent and Child; Injury to Child; Damages Recoverable.*— While a parent may recover damages for the loss of a child's services and for nursing, medical expenses, etc., caused by the injury, there can be no recovery, for the loss of the society of the child, especially a four months old child. .

2. *Appeal and Error; Harmless Error; Evidence.*—It is harmless error to overrule objection to a question which is not answered.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by J. A. Baker against the Birmingham Railway, Light & Power Company, for injuries to his minor child. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant.—The court erred in overruling defendant's motion for a new trial, for the reason that no damages were claimed in the complaint for waiting on the child himself, and consequent loss of time.—*Southern Ry. Co. v. Crowder,* 135 Ala. 417. The damages were excessive.—*A. G. S. v. Burgess,* 119 Ala.

555; *Bir. R. & E. Co. v. Ward,* 27 South. 471. The court should have given the charge denying damages for loss of the society of the child.—63 Am. Dec. 586; 34 Am. Rep. 44; 74 Am. Dec. 259; 26 N. E. 400; 80 Ill. 88; 30 N. J. L. 88; 103 S. W. 103; 53 Pa. St. 453; 13 South. 825. See also in this connection.—*Williams v. S. & N. R. R. Co.,* 91 Ala. 635; *L. & N. v. Orr,* 91 Ala. 548; *Bubee v. Bir. Ry. L. & P. Co.,* 140 Ala. 277; *McGarr v. N. & P. W. Mills,* 96 Am. St. Rep. 749.

STALLINGS & DRENNEN, for appellee.—The court did not err in the admission of evidence.—*Rudder v. Coopman,* 116 Ala. 332. The damages were not excessive.— 63 Am. Dec. 586; 8 C. C. A. 169; 2 Mayf. Dig. 1027; Watson on Damages, 410. The court did not err in refusing the charge.—2 Brev. 272; 2 McCord 227; *Durden v. Barnett,* 7 Ala. 167; 109 N. Y. 195; 49 Cal. 236; 32 Ohio St. 299; *McNamara v. Logan,* 100 Ala. 187.

DENSON, J.—This is an action on the case, brought by the plaintiff, to recover damages consequent upon a personal injury alleged to have been inflicted upon an infant daughter of plaintiff through the negligence of the defendant. The damages claimed are money expended by plaintiff for medicine, medical care, and treatment in efforts to heal and cure the infant, and loss of the services and society of the child. The infant was 4 months old at the time the injury was inflicted, and 19 months old at the time the trial was had.

It is unquestionably true that for loss of the services of a minor child, the result of an injury caused by the wrongful act of another, the parent may recover whatever sum which, from the evidence, the jury may reasonably infer to be the equivalent thereof—*B. R., L. & P. Co. v. Chastain,* 158 Ala. 421, 48 South. 85. In the case cited there was a claim for services and loss of

society of the minor son; but the question of the right of recovery for loss of society was not litigated. Consequently that case sheds no light on the question of the loss of society as an element of damages. We said in that case, however, that in this action the recoverable damages are limited to such as will compensate the parent for the loss of the child's services up to the time of his majority, for such reasonable amounts necessarily expended in and about the treatment and care of the child, and for the value of the parent's services while nursing the child.—In *Durden v. Barnett*, 7 Ala. 169, a case in which the father sued in case for an injury done to a minor child through the wrongful act of another, the court said: "Even if the child was of very tender years, so as to be incapable of rendering any useful services, the action would doubtless lie, if averments were made of consequential injury, by expenses caused in healing the wounds, and perhaps, also, for the deprivation of its society." In will be observed that the court did not there decide that loss of society of the child would be a proper element of recoverable damages. Moreover, it will be further observed, from the facts of the case as reported and from the questions that were presented for the decision of the court, that if such a decision had been made it would have been aside from the questions presented by the record in that cause for determination.

We have not been cited to any decisions rendered by this court which hold that, in actions of this kind, loss of the society of the child may be taken into consideration by the jury in estimating damages. In *Bube v. Birmingham, etc., Co.*, 140 Ala. 276, 37 South. 285, 103 Am. St. Rep. 33, it was said: "It is a well-settled principle at common law that the right of action in the father in such a case is based upon the idea of the loss of ser-

vice of the minor to the father, and the damages are compensatory, including, of course, nursing, medical expenses, and the like." In Schouler's Domestic Relations, § 258 (treating of injuries inflicted upon children and of rights of action therefor), we find this statement of the law: "Where a child suffers wrong, he has his action for the personal injury. But, besides this, the parent may usually claim indemnity for loss of his child's services, to which should be added the incidental expenses incurred in consequence of the injury. Hence arises a cause of action in the parent per quod servitium amisit, the foundation of which is a loss of the child's service." To the text are cited the following authorities:—*Grinnell v. Wells,* 7 M. & Gr. 1041; *Rogers v. Smith,* 17 Ind. 323, 79 Am. Dec. 483; *Hartfield v. Roper,* 21 Wend. (N. Y.) 615, 34 Am. Dec. 273; *Dennis v. Clark,* 2 Cush. (Mass.) 347, 48 Am. Dec. 671. To the same effect the law is stated in 1 Jaggard on Torts, pp. 451—453; 1 Cooley on Torts (3d Ed.) pp. 481—490; and in the following cases it is expressly held that loss of companionship and association of the child cannot be taken into consideration in estimating the parent's damages:—*Little Rock v. Barker,* 33 Ark. 350, 34 Am. Rep. 44; *Dando v. Home Telephone Co.,* 126 Mo. App. 242, 103 S. W. 103; *Caldwell v. Brown,* 53 Pa. 453; *M. & O. R. R. Co. v. Watly,* 69 Miss. 145, 13 South. 825; *Coakley v. Nor. Pa. Ry. Co.,* 5 Clark (Pa.) 444; *Taylor, B. & H. Ry. Co. v. Warner,* 84 Tex. 122, 19 S. W. 449, 20 S. W. 823; *Pepper v. Southern Pac. Co.,* 105 Cal. 389, 38 Pac. 974; *Potter v. Chicago, etc., Co.,* 21 Wis. 377, 94 Am. Dec. 548; *Marshall v. Consolidated, etc., Co.,* 119 Mo. App. 270, 95 S. W. 972.

Without extending this opinion to further length, and adverting to the principle upon which the right of the parent to recover at all proceeds, as well as to the au-

thorities above cited, we are at the conclusion that loss of society of the child cannot form an element of recoverable damages. It follows that reversible error was committed by the trial court in submitting to the jury loss of society as an element of damages, and also in refusing charge 1, requested by the defendant.

The question asked by the plaintiff, "Now, since that time, what portion of your time had been required to give to it?" was not answered. Therefore there was no injury in the overruling of the objection thereto. But we note that there is no claim in the complaint for loss of time in waiting on the child, nor even for attention by the plaintiff bestowed upon her. See *Woodward Iron Co. v. Curl,* 153 Ala. 205, 44 South. 974 (4th h. n.)

Witness E. M. Moore was qualified to testify as an expert in reference to the matter about which he was examined. But the question propounded to him is somewhat involved, and should be made clearer if he is examined on another trial of the case.

In view of the reversible error pointed out above, it is unnecessary to discuss the question of excessive damages. We have given consideration to all questions argued in the appellant's brief.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.