# Donaldson v. Wilkerson.

*Attachment for Rent and Advances.*

(Decided Nov. 17, 1910.   Rehearing granted Jan. 12, 1911.
54 South. 234.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where the blotters were afterwards admitted in evidence without objection, any error in excluding the journal entries as evidence because not accompanied by the blotters from which the journal entries were transferred, was rendered harmless.

2. *Same.*—The fact that all the evidence is not contained in the record does not prevent erroneous rulings on the evidence from being injurious, as it cannot be said that if the ruling on evidence had been correct the court would have given the general charge.

3. *Same; Presumption of Prejudice.*—Where error is affirmatively shown it will be presumed to be injurious unless the record affirmatively rebuts such presumption.

4. *Same; Presumption; Burden of Showing Error.*—Error must be affirmatively shown, and where all the evidence does not appear in the bill of exceptions, this court on appeal will presume any condition of the evidence below, not inconsistent with the record which will justify the ruling of the trial court in giving or refusing the general charge.

[Donaldson v. Wilkerson.]

5. *Evidence; Books of Account; Journal.*—Where the journal and the cash book were kept in the regular course of business, and the journal entries were transferred daily from the blotters, upon which the original entries for advances made were made contemporaneously therewith by persons having knowledge of the transaction, the journal entries are admissible, when properly authenticated though not accompanied by the blotters.

6. *Same; Blotters.*—Notwithstanding the blotter entries had been transferred to the journal the blotters upon which the entries were made in the regular course of business were admissible in evidence when properly authenticated.

7. *Usury; Agreement; Necessity.*—Where both parties testified that there had been no understanding or agreement by which usurious interest was to be paid plaintiff's right to receive lawful interest was not affected.

8. *Same; Evidence.*—Where the action was for advances made, the fact that usurious interest was charged was competent for the purpose of diminishing the amount of the account or the balance due.

9. *Landlord and Tenant; Lien; Claim Secured by.*—Under the statute the landlord has a lien for tobacco and snuff furnished the tenant, for a sum of money advanced to prevent the tenant's mule from being sold under chattel mortgage, and for a sum of money advanced to pay lawyer's fees relative thereto.

10. *Same; Enforcement; Issues.*—Where no motion to discharge the attachment and levy pro tanto had been made or other appropriate steps taken to question the inclusion of certain items as being within the asserted lien, the sole question was, under the issue as joined here, that of defendant's indebtedness vel non, for the items claimed; irrespective of whether they were for rent and advances or otherwise.

APPEAL from Coffee County Court.

Heard before Hon. J. N. HAM.

Action by M. E. Donaldson against J. H. Wilkerson begun by attachment to enforce landlord's lien for rent and advances. Judgment for defendant and plaintiff appeals. Reversed and remanded.

·J. A. CARNLEY, for appellant. The court erred in declining to permit the entries on the journal and cash book in evidence.—*Dismukes v. Tolson*, 67 Ala. 142; Sec. 4003, Code 1907; 2 Enc. of Evi. 620. The entries made on the journal daily were original entries and should have been admitted.—*Rarden v. Cunningham*, 136 Ala. 263; *Ala. I. Co. v. Smith*, 155 Ala. 287. The

[Donaldson v. Wilkerson.]

evidence as to what Johnson said as to the interest charged was hearsay and inadmissible.—127 Ala. 103; I Greenl. Secs. 98-9. If the contract is not usurious at its inception it does not thereafter become so.—*Tutwiler v. N. B. & L. Assn.*, 13 Enc. of Evi. 403. There was no denial of the receipt of the articles, and there was no motion to dissolve the attachment or levy, and hence, the only issue was as to defendant's indebtedness vel non for those items. They were covered by the statutory lien.—Sec. 4734, Code 1907; *Giddens v. Bolling,* 93 Ala. 92; *Cockburn v. Washburn,* 76 Ala. 486; *Bush v. Collins,* 130 Ala. 395; *Ragsdale v. Kenny,* 119 Ala. 454. The item paid to the Consolidated Trading Company, of Opp, Alabama, was a proper charge, as was the attorney's fee.—Authorities supra. Counsel cites authority to show that where there is a conflict in the evidence the affirmative charge is improperly given.

H. L. MARTIN, for appellee. Where the record does not purport to contain all the evidence the court will indulge the presumption that there was evidence authorizing the affirmative charge.—*Barnett v. Wilson,* 132 Ala. 375; *Clardy v. Walker,* 134 Ala. 264. The court will not indulge any intendment to put the trial court in error.—156 Ala. 369. Where for any reason the giving of the affirmative charge was sustained the court will not review any other charges assigned.—135 Ala. 178.

SAYRE, J.—This suit was begun by attachment to recover a balance alleged to be due for rent and advances. The defendant pleaded the general issue, payment, usury, and set-off. It appeared that a part of the articles charged to the defendant had been furnished by A. D. Donaldson, plaintiff's father, at the instance and request of the plaintiff, who thereby became legally

liable therefor. Plaintiff offered in evidence the books of account, consisting of journal, ledger, and cash book kept by A. D. Donaldson and purporting to show what articles had been furnished by the said A. D. The court, moved by defendant's objection, refused to receive these books in evidence, unless the plaintiff would produce and offer therewith the blotters upon which the items had been first noted. These books seem to have been kept in the regular course of business, and the entries in the journal were shown to have been transferred daily from the blotters where they were made contemporaneously with the transactions to which they related by persons having knowledge of the facts. Men of business are not presumed to preserve mere memoranda. The journal is the first permanent record of the matters contained therein, and, where properly kept and authenticated, should be received in evidence to establish the facts therein recorded. Under the showing made, the journal, and perhaps the cash book should have been allowed in evidence. However, it does not appear that harm resulted to the plaintiff from the ruling, because at a later stage of the trial the blotters were offered and received in evidence without objection. These were admissible, if properly kept and authenticated, although their contents may have been transferred to the journal.

There was testimony which went to show that at one time the parties had a partial settlement in which certain credits and a balance were agreed upon. Both parties testified that there had been no understanding or agreement by which usurious interest was to be paid. All question therefore of usury as affecting plaintiff's right to receive interest at the lawful rate was taken out of the case. But evidence that an extralegal rate of interest had been charged in the account against de-

fendant was admissible for the purpose of swelling his credits and diminishing the balance due. But defendant's testimony that A. D. Donaldson had told him that plaintiff had charged 12½ per centum on amounts advanced was mere hearsay, and should have been excluded on defendant's motion. A. D. Donaldson had not at that time testified, nor did he afterwards, when testifying in rebuttal, make any statement in impeachment of which his declaration to defendant might have been used.

Defendant offered in evidence an itemized statement of the articles procured by him from plaintiff, as well as credits on the account between them. This statement showed, among other things, that defendant was indebted to plaintiff for various items of tobacco and snuff, for a sum advanced to relieve defendant's mules of a mortgage which was about to be foreclosed, and for a fee which plaintiff had paid on defendant's account to a lawyer. At a later stage of the trial the court granted defendant's motion to exclude these items on the ground that they were not advances necessary to enable defendant to make a crop. In this there was error. Any and all of these items may have been furnished under circumstances which constituted them advances for the security of which the statute creates a lien. The statute confers a lien for everything useful for the purposes enumerated, or tending to the substantial comfort and well-being of the tenant, his family, or employees about the service.—*Cockburn v. Watson,* 76 Ala. 486. There is no reason inherent in the nature of the items here shown which would exclude them from the security of the statute. Moreover, no motion to discharge the levy pro tanto having been made, nor other appropriate step taken to question the inclusion of these items as within the security of the

asserted lien, the sole question to be determined under the issues joined in the cause was that of defendant's indebtedness vel non for the items claimed, irrespective of their character as being for rent and advances or otherwise.—*Giddens v. Bolling*, 93 Ala. 92, 9 South. 427. Plaintiff was entitled to his evidence as to those items.

At the conclusion of the evidence the court gave the general charge for the defendant with hypothesis. The bill of exceptions does not purport to contain all the evidence. Appellee contends that in this state of the record it must be presumed that the evidence in the court below justified the charge, and that errors in the admission or rejection of evidence must be held to have done no harm. In cases where all the evidence does not appear in the bill of exceptions, this court, passing upon the question whether the general charge has been properly given or refused, does presume any state of the evidence in the court below not inconsistent with the record which will justify the court; this upon the theory that error must be affirmatively shown.—*School Commissioners v. Goodwin*, 30 Ala. 242; *Fleming v. Ussery*, 30 Ala. 282; *Sanders v. Steep*, 128 Ala. 633, 29 South. 586; *Clardy v. Walker*, 132 Ala. 264, 41 South. 78. There are many other cases to the same effect. But appellee's further contention cannot be allowed. The fact that the entire evidence is not shown by the record, and that, therefore, the general charge may have been given without error on the evidence as it was, does not relieve erroneous rulings on the admissibility of evidence of their injurious character, for it cannot be said that, if the evidence had been correctly ruled, the court would have given the charge. Error having been affirmatively shown, injury is presumed unless the record affirmatively rebuts the presumption. In this case the presumption of injury is not rebutted by the record.

[Samuel Gans Co. v. Tyson.]

So, while we cannot say there was error in giving the charge, it is nevertheless our duty to reverse for the errors affirmatively shown in the rulings on the evidence.

For the errors indicated, the judgment must be reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.