# Smith, *et al. v.* Allen.

## *Assumpsit.*

(Decided May 1, 1913. 62 South. 296.)

1. *Witnesses; Cross-Examination.*—It is permissible to show on cross-examination of a witness introduced by the adversary party that the witness had no independent recollection of the facts testified to, but based his judgment on the way he knew he transacted business, for the purpose of affecting the weight of his testimony.

2. *Evidence; Admissions; Accounts Stated.*—Proof of the admissions of a debtor that a fixed sum was due as claimed of him on

account by a creditor, supports a count on an account stated, although the admission was made in response to the assertion of a claim by a creditor not accompanied by a statement of the items comprising the account.

3. *Same; Dissolution of Partnership; Admissions.*—An admission by a partner as to the correctness of a claim against a firm, made after dissolution of the same is not binding on the co-partner in his absence.

4. *Account Stated; Evidence; Sufficiency.*—The giving by a bank of notices of overdrafts by a depositor does not establish a stated account against the depositor, where the evidence to establish the giving of the notices showed no independent recollection of the witness, but that the witness relied on the way he knew that he transacted business for the bank and kept its books.

5. *Appeal and Error; Review; Giving Effect to Evidence.*—Where the record indicates that the trial court based its findings in whole or in part on evidence which was accorded an effect to which it was not legally entitled, its judgment will be reversed and the cause remanded.

APPEAL from Clay Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Vassar L. Allen as trustee transferee of the effects of a bank, against A. C. Smith and another, individually and as former partners. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

WHATLEY, CORNELIUS & CORNELIUS, for appellant. The court gave effect to evidence to which it was not entitled, and rendered judgment on an account stated, which was not supported by the evidence.—49 Conn. 36; 10 Neb. 54; 15 Am. Dec. 181; 34 Am. Rep. 435; 1 Cyc. 364; *Loventhal v. Morris,* 103 Ala. 335; 55 N. E. 789; 6 Pac. 548. The account stated between the bank and defendants was in November, 1905, and the account claimed on in the complaint was between the trustee and defendant in October, 1906, and hence, the statement of account between the bank and defendant would be a departure.—*Ivey C. & C. Co. v. Long,* 139 Ala. 535. Any admissions made by A. C. Smith after

the dissolution of the firm would not be binding on his co-partner in his absence.—*Espy v. Comer,* 76 Ala. 501; *Rose v. Gunn,* 79 Ala. 411; *Hartwell v. Phillips, et al.,* 123 Ala. 460; *Moon v. Maxwell, et al.,* 155 Ala. 299; *Loventhal's case,* 133 Ala. 335; *Ware v. Manning,* 86 Ala. 238.

RIDDLE, ELLIS, RIDDLE & PRUET, and RIDDLE & BURT, for appellee. On appeal in cases tried by the court without a jury where no special findings are made the court's finding of the fact is to be treated as a verdict of a jury and is not reviewable on appeal; in such cases the appellate court has no jurisdiction to pass on the sufficiency of the evidence to support the judgment.— *Wright v. State,* 129 Ala. 123; *Quillman v. Gurley,* 85 Ala. 594. It is not necessary that a person against whom an account is rendered expressly assent to its correctness to make it a stated account; it is sufficient where an account showing a balance is duly rendered, the one to whom it is rendered is bound within a reasonable time to examine it and object if he disputes its correctness, and if the correctness of the account is not disputed within a reasonable time, assent to the correctness of the account will be presumed, thereby making the account a stated account.—Words and Phrases, Vol. 1, page 95, and the numerous authorities there cited; *Burns v. Campbell,* 71 Ala. 271-96; *Langdon v. Roanes Admr.,* 6 Ala. 518; *Ryan v. Gross,* 48 Ala. 370.

WALKER, P. J.—While the averments of the count upon which the case was tried show that the claim of the plaintiff was that the account sued on became a stated one as the result of a transaction between the defendants and the plaintiff, who was alleged to be a transferee of the original creditor, yet the bill of ex-

ceptions does not indicate that the defendants raised any question as to the right of the plaintiff to prove a statement of the account between the bank, the original creditor, and the defendants.

On the cross-examination of the witness by whom the plaintiff undertook to prove a statement of the account between the original parties to it, the witness admitted a lack of independent recollection of the incidents of sending to the defendants notices of overdrafts, in reference to which she had deposed, and in this connection she stated that her best judgment was that she gave them notice. Then, in answer to questions asked by the counsel for the defendants, she stated that she did not base her judgment on her recollection of the transactions, but on the way she knew she transacted business for the bank and kept its books. On motion of the plaintiff these last-mentioned statements of the witness were excluded, to which action of the court the defendants duly excepted. Certainly it was permissible for the defendants to bring out by cross-examination of the witness the fact, if it was the fact, that she did not really recall the happenings which were sought to be proved by her testimony. To say the least, the admissions of the witness tending to show her failure to remember the particular facts which she was called upon to prove went to the weight to be accorded to her testimony. The defendants were entitled to have those statements considered as having a bearing upon the probative value of evidence offered against them, and the court was in error in excluding those statements.

The only evidence having a tendency to prove a statement of the account between the plaintiff and any of the defendants was furnished by the testimony of the plaintiff himself. While it cannot be claimed that his version of an interview he had with A. C. Smith, one of

the defendants, shows that there was anything like a formal accounting between them resulting in the striking of a balance, yet it was such as to furnish some support for a conclusion that on that occasion the attention of this defendant was called to the amount claimed to be due from A. C. & B. M. Smith for their overdraft on the bank, and that he assented to the correctness of the claim thus made. Evidence of an admission by a defendant that a fixed and certain sum is due, which was claimed of him on account by the plaintiff, will support a count on a stated account, though such admission was made in response to the assertion of a claim by the plaintiff which was not accompanied by a statement of the items comprising the account; the essential matter being that the account received the assent of both parties to it.—1 Cyc. 367; *Loventhal & Son v. Morris,* 103 Ala. 332, 15 South. 672; *Carlisle v. Davis,* 9 Ala. 858.

But this evidence furnished no support for a judgment against B. M. Smith, as at the time of the interview testified about the partnership of A. C. & B. M. Smith had been dissolved, and the admission of one who had been a member of a dissolved partnership of the correctness of a claim made against the firm is not binding on his former partner.—*Harwell, Adm'r, v. Phillips & Buttroff Manfg. Co.,* 123 Ala. 460, 26 South. 501.

The above-mentioned evidence in reference to notices of overdrafts given in behalf of the bank to the defendants had no tendency to prove that the account sued on was stated, as alleged in the complaint. As that was the only evidence in the case that possibly could have been regarded as having any tendency to prove a statement of the account which was binding on all the defendants, it is to be supposed that the finding

26 CA

of the court was based, in whole or in part, on that evidence, considered without reference to circumstances, evidence of which had been excluded, which should have been looked to on the inquiry as to its weight, and not alone on the testimony given by the plaintiff. This latter testimony was in conflict with that adduced by the defendants. We cannot know from the record that it was regarded by the trial court as sufficient, by itself, to sustain the burden of proof which was upon the plaintiff. With no knowledge of the testimony, except such as is afforded by the written account of it, which is set out in the bill of exceptions, we are at a disadvantage, as compared with the trial court, with the witnesses in person before it, in passing upon the weight to be accorded to oral testimony. In consideration of this fact and of the indications furnished by the record that the findings of the trial court were based, in whole or in part, upon evidence which was accorded an effect to which it was not legally entitled, we have concluded that the proper disposition to be made of the case on this appeal is to reverse the judgment and remand the case for a new trial, to be had in view of what has been said in this opinion.

Reversed and remanded.