# Smith, *et al. v.* Allen.

*Assumpsit.*

(Decided December 9, 1913.   63 South. 770.)

*Appeal and Error; Finding by Court; Presumption.*—Where the case was tried by the court, and the bill of exceptions on appeal does not purport to set out all the evidence, the appellate court will presume that there was sufficient legal evidence to justify the finding and judgment of the trial court.

APPEAL from Clay Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Action by Vassar L. Allen against A. C. Smith and others, upon a note.   Judgment for plaintiff and defendant appeals.   Affirmed.

WHATLEY, CORNELIUS & CORNELIUS, for appellant. The account was not an account stated.—*Zacharine v. Pallotti,* 49 Conn. 36; *Clare v. Clare,* 10 Neb. 54; 1 Cyc. 364; 15 Am. Dec. 181; 34 Am. Rep. 435.   The burden correctly lies on the plaintiff in an action on a stated account.—*Rice v. Sloss,* 90 Ala. 416; *Ware v. Manning,* 86 Ala. 238; *Loventhal v. Morris,* 103 Ala. 335.   A service upon one partner after the dissolution of the partnership will not authorize a judgment against the partnership generally.—*Mitchell, et al. v. Rich,* 1 Ala. 228; *Faber, et al. v. Briggs,* 18 Ala. 478.

RIDDLE, ELLIS, RIDDLE & PRUET, and RIDDLE & BURT, for appellee.   The case was tried by the court without a jury, and the bill of exceptions fails to show that it

contains all the evidence, and it will, therefore be presumed that there was evidence to sustain the rulings of the trial court.—*Baker v. Patterson,* 171 Ala. 88, and authorities there cited.

THOMAS, J.—All the questions raised in this case that are insisted upon in the brief of appellant's counsel were, since this submission, decided in a similar case between the same parties to the record, where the facts were not materially different from those here.—*Smith v. Allen,* 7 Ala. App. 397, 62 South. 296. On that authority the judgment here is reversed and the cause remanded.

Reversed and remanded.

### ON APPLICATION FOR REHEARING.

It appears that the bill of exceptions in this case, unlike, in this respect, the case of *Smith v. Allen,* cited in the foregoing opinion, does not purport to set out all the evidence. Appellee contends that in this state of the record, the case having been tried without the intervention of a jury, it must be presumed that there was sufficient legal evidence before the court to justify its finding for and rendering of judgment in favor of appellee, who was plaintiff below. We think there is merit in this contention (*Donaldson v. Wilkerson,* 170 Ala. 512, 54 South. 234; *Lewis Land & Lumber Co. v. Interstate Lumber Co.,* 163 Ala. 593, 50 South. 1036; *Shafer & Co. v. Hausman,* 139 Ala. 239, 35 South. 691; *Hood v. Pioneer Min. & Mfg. Co.,* 95 Ala. 462, 11 South. 10; *Mobile & B. R. Co. v. L. & N. R. Co.,* 172 Ala. 314, 54 South. 1002; *Prine v. Am. Cent. Ins. Co.,* 171 Ala. 349, 54 South. 547; *Postal Tel. Cable Co. v. Hulsey,* 115 Ala. 193, 22 South. 854; *Evansville, P. & T. R. P. Co. v.*

[Williams v. Lay.]

*Slater,* 101 Ala. 245, 15 South. 241; *Hunt v. Johnson,* 96 Ala. 130, 11 South. 387), and the application for rehearing is therefore granted, the judgment of reversal is set aside, and the judgment of the lower court is affirmed.

    Affirmed.