(75 South. 326)

SOUTHERN RY. CO. v. WYLEY. (8 Div. 6.)

(Supreme Court of Alabama. April 19, 1917.)

1. RAILROADS ⚖⇒419(1)—INJURIES TO ANIMALS ON TRACKS—EVIDENCE—SUFFICIENCY —STATUTE.

In an action for damages for the death of a horse alleged to have been caused by defendant's locomotive, evidence of the presence of plaintiff's horse upon defendant's tracks before it was killed *held* to justify the application of Code 1907, § 5473, requiring engineers to use all possible means to stop trains on perceiving obstructions on the track, and section 5476, putting on the railroad company the burden of proving that there was no negligence when stock was killed or injured by its locomotives or cars.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1489–1491, 1493, 1498.]

2. RAILROADS ⚖⇒446(10)—INJURIES TO ANIMALS ON OR NEAR TRACKS—JURY QUESTION.

Whether the horse was so near the track as to indicate danger and whether engineer saw him in time to have taken precautions which might have prevented the injury *held* for the jury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1637.]

3. APPEAL AND ERROR ⚖⇒928(4)—BILL OF EXCEPTIONS—STATEMENT OF EVIDENCE—PRESUMPTION.

Where a bill of exceptions does not purport to contain all the evidence upon which the case was tried, the appellate court will presume any reasonable state of the evidence which would justify the trial court's action in respect to charges requested.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3752.]

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Action by T. F. Wyley against the Southern Railway Company for damages for the death of a horse. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

The facts sufficiently appear. The following are the charges refused to defendant:

(5) Affirmative charge for defendant.

(9) There was no statutory duty on defendant's engineer to blow the whistle or ring the bell at the point where he discovered the peril of plaintiff's horse.

(4) If the jury believe from the evidence that the horse was in the path or washway, and was going up out of the cut, and away from the track, there was no duty upon the engineer to apply the brakes or blow the whistle at that time.

The bill of exceptions is silent as to whether it contained any or all of the evidence, or any part of the evidence.

Cooper & Cooper, of Huntsville, for appellant. Taylor & Watts, of Huntsville, for appellee.

SAYRE, J. [1] If we might assume that the bill of exceptions in this case contains all the evidence heard at the trial, then the several contentions raised by defendant, appellant, would depend upon a construction of the bill of exceptions in regard to one point, viz. whether there was evidence from which the jury might have inferred that plaintiff's horse was upon the track for an appreciable time before it was struck and killed by defendant's locomotive. Defendant takes the negative view of this question, and hence insists that section 5473 of the Code, which requires that the engineer in charge of the train must, on perceiving any obstruction on the track, use all the means within his power known to skillful engineers in order to stop the train, and section 5476, putting on the railroad company the burden of proving that there has been no negligence when stock is killed or injured by its locomotive or cars, are without application in the premises, citing E. T., V. & G. R. R. Co. v. Bayliss, 77 Ala. 429, 54 Am. Rep. 69, and cases in that line. It was shown without dispute that the train which killed the horse was going east. Plaintiff testified as follows:

"I noticed tracks of the horse in the cut. These tracks were going east about 25 or 30 yards from where I found the horse lying."

And on this defendant holds that, since the horse could not go east after he was killed, the tracks about which plaintiff testified were not made by his horse on the occasion when it was killed. But plaintiff also testified:

"I saw the place in the cut where the horse was first hit. The horse's tracks came up to the place and stopped. The horse tracks that I speak of were on the railroad track in the cut."

There were some countervailing considerations, to be sure, but the court thinks that from the evidence detailed above the jury had a right to find that the horse's tracks going east led up to, and not away from, the horse as he lay dead upon the side of the track, and so that the application of the statutes and the general result of the case were matters of fact to be determined by the jury. Defendant's requested charges 5 and 9 proceeded upon the erroneous hypothesis of fact stated above, and for that reason were properly refused.

[2] In respect to charge 4, refused to defendant, it was a question for the jury, under

all the evidence, whether the horse was so near the track as to indicate danger and whether the engineer saw him in time to have taken precautions which might have prevented the injury.

[3] We will also say, if it be not too late, that it has been held in a number of cases that a bill of exceptions framed after the fashion of the bill in this record does not purport to contain all the evidence upon which the case was tried in the court below, and hence that the court will presume any reasonable state of the evidence that would justify the court's action in respect to the charges requested. Southern Mutual Ins. Co. v. Holcombe, 35 Ala. 327; Lewis Land Co. v. Interstate Lumber Co., 163 Ala. 592, 50 South. 1036; Lamar v. King, 168 Ala. 285, 53 South. 279.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.