(92 South. 449)

## MORROW v. BECK. (7 Div. 279.)

(Supreme Court of Alabama. April 20, 1922.)

Appeal and error ⟨⟩907(4)—Where bill of exceptions does not purport to set out all evidence, verdict presumed sustained by evidence.

Where the bill of exceptions does not purport to set out all the evidence, it will be presumed that there was sufficient evidence to sustain a verdict, and refusal of the trial court to grant a motion to set aside the verdict and to grant a new trial will be upheld.

Appeal from Circuit Court, Randolph County; Lum Duke, Judge.

Action by J. H. Beck, as administrator of the estate of John P. Morrow, against C. A. Morrow to recover certain personal property and specie. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Walker & Ware, of Roanoke, for appellant.

Plaintiff could not recover, unless the entire title was invested in plaintiff's decedent. 132 Ala. 404, 31 South. 358, 90 Am. St. Rep. 914; 123 Ala. 694, 26 South. 644; 117 Ala. 583, 23 South. 145; 81 Ala. 271, 2 South. 879.

John W. Overton, of Wedowee, for appellee.

There is nothing for the court to consider, and the appeal should be dismissed. 124 Ala. 332, 26 South. 890; 96 Ala. 141, 11 South. 201.

MILLER, J. J. H. Beck, as administrator of the estate of John P. Morrow, deceased, files this suit in detinue against C. A. Morrow for certain personal property alleged to belong to the estate of John P. Morrow, deceased. The case was tried on general issue filed by defendant to the complaint. The jury returned a verdict in favor of plaintiff. There was judgment thereon by the court, and the defendant appeals. The defendant made motion to set aside the verdict. It was overruled by the court.

There are only two errors assigned. One claims the court erred in overruling motion for new trial because, as contended, the uncontradicted evidence shows a part of the property sued for and given to plaintiff by the verdict of the jury belonged to Mrs. M. A. Smith and her mother. The second error assigned was the verdict of the jury was contrary to the charge of the court and the evidence, as a part of the property sued for and given to plaintiff by the verdict of the jury did not belong to the estate of the deceased.

The bill of exceptions fails to state that it

contains all of the evidence. It fails to state it contains in substance all of the evidence. It makes no recital in regard to all of the evidence in the case. It does not purport to set out all of the evidence. This being the situation of the record, this court will presume there was sufficient legal evidence in the case to support and sustain the finding of facts by the jury, evidenced by their verdict. Hence we must decide the court did not err in refusing to grant the motion to set aside the verdict and grant a new trial on the grounds stated in the errors assigned. Donaldson v. Wilkerson, 170 Ala. 507, 54 South. 234; Lewis Land & Lbr. Co. v. Interstate Lbr. Co., 163 Ala. 592, 50 South. 1036; So. Ry. Co. v. Wyley, 200 Ala. 14, 75 South. 326; Prude v. Thompson, 201 Ala. 595, 79 South. 21; Jones v. Spear, 204 Ala. 402, 85 South. 472.

Finding no error in the record, this case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.