(92 South. 659)

MARTIN et al. v. MANNING.   (7 Div. 285.)

(Supreme Court of Alabama.   April 20, 1922.)

1. Druggists ⬳10—Counts in complaint held to state cause of action.

Counts in complaint averring a breach of duty, in that a prescription calling for harmless medicine for the eyes was negligently filled with medicine harmful and injurious to the eyes, and delivered and used by plaintiff to her injury, stated a cause of action, and it was not error to overrule a demurrer thereto.

2. Trial ⬳295(1)—Instructions must be considered as a whole.

The charge of court must be looked to, considered, and interpreted as a whole, and not in detached portions, and, where the oral charge fully presented the law on the evidence under the issues when considered as a whole, it is free from error.

3. Trial ⬳139(1)—When testimony tends to support averments, affirmative charge with hypothesis should not be given for defendant.

Where the positive testimony or legitimate inferences therefrom, if believed by the jury, would entitle plaintiff to recover under any count in the complaint, the general affirmative charge with hypothesis should never be given by the trial court for defendant.

4. Trial ⬳143—Where evidence conflicting, cause for jury.

Where there was evidence tending to prove all the averments of each count, and on some of the material averments in each count the testimony was in direct conflict by positive evidence or clear inferences therefrom, the case was properly submitted to the jury.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Action by Edna May Manning, by next friend, against B. M. and Jack Martin, for damages for wrongfully filling a prescription. Judgment for the plaintiff, and the defendants appeal. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

W. J. Boykin and Hood & Murphree, all of Gadsden, for appellants.

The defendant was entitled to a directed verdict. 183 Ala. 415, 62 South. 851.

Dortch, Allen & Dortch and P. E. Culli, all of Gadsden, for appellee.

The court properly overruled demurrers to the complaint. 19 C. J. 780; 17 Ala. App. 602, 88 South. 40; section 1624, Code 1907. The defendant was not entitled to the affirmative charge. 40 Ind. App. 428, 81 N. E. 600; (Com. Pl.) 5 N. Y. S. 851; 114 Iowa, 275, 86 N. W. 307, 54 L. R. A. 364, 89 Am. St. Rep. 359; 196 Ala. 156, 71 South. 697; 197 Ala. 367, 72 South. 641; 197 Ala. 418, 73 South. 5; 199 Ala. 165, 74 South. 63.

MILLER, J.   Edna May Manning, a minor four years of age, by her next friend, her father, sues B. M. Martin and Jack Martin, partners doing a drug business, for damages for negligently filling a prescription for her eyes, which called for harmless medicine, with a medicine that was harmful and injurious, and avers as a proximate consequence her eyes were injured. There was judgment for plaintiff, and the defendants appeal.

There are three counts in the complaint. Demurrers to each count were overruled by the court. Count 3 went out under · the charge of the court. Counts 1 and 2 were submitted under pleas of general issue and contributory negligence to the jury.

Section 1624 of the Code of 1907 reads as follows:

"Every registered pharmacist, apothecary, or owner of a drug store, shall be held responsible for the quality of all drugs, chemicals, or medicines he may sell or dispense, with the exception of those sold in original packages of the manufacturer, and also those known as proprietary."

Section 44, p. 780, 19 Corpus Juris, reads:

"The law imposes upon a druggist the duty so to conduct his business as to avoid acts in

their nature dangerous to the lives of others, and one who is negligent in the performance of such duty is liable for damages to any person injured thereby."

Section 45, p. 780, of 19 Corpus Juris, declares:

"Where a druggist's clerk in the course of his employment, negligently supplies a harmful drug in lieu of a harmless one called for, either by prescription or otherwise, and injury results from taking it, the druggist will be liable in damages."

Counts 1 and 2 are practically the same. Each avers plaintiff's father secured prescription from a physician for the eyes of plaintiff; that defendants are in the drug business, own a drug store, and undertook as druggists to fill the prescription given them by her father for the use and benefit of her eyes; the prescription called for medicine harmless in its nature for her eyes; that defendants furnished a different medicine than that called for in the prescription, and it was harmful and injurious to the eyes; and that it was placed in the eyes of plaintiff and was injurious and harmful. Each count avers facts showing a duty owed by the defendants to plaintiff. It was to fill the prescription after it undertook to do so, with care and with that degree of vigilance and prudence which is commensurate with the danger involved. Section 36, headnotes 41 and 42, p. 778, 19 Corpus Juris. Each count avers a breach of that duty. It avers that the prescription was negligently filled; that the defendants instead of filling the prescription with the harmless medicine for the eyes of plaintiff, as called for by it, filled it with medicine harmful and injurious to the eyes of plaintiff, and delivered to plaintiff's father for her, and the medicine was placed in the eyes of plaintiff. Each count avers an injury to the eyes of plaintiff, proximately caused by this negligence of the defendants. Each count avers defendants were conducting a drug store and were at that time prescriptionists.

[1] The court did not err in overruling the demurrers to counts 1 and 2. Each stated a cause of action. 19 Corpus Juris, § 62, p. 783; Id., §§ 44 and 45, p. 780, headnotes 74, 75, 76; Id., § 49, p. 781; section 1624, Code 1907.

[2] The defendant excepted to the following part of the oral charge of the court:

"In the event you should find for the plaintiff, you would give her just such an amount, not to exceed the amount of $10,000 sued for, as you think she ought to recover for the injuries sustained by her."

The court in other parts of the oral charge clearly directed in the award of damages, if recoverable, for the jury to look to the injuries of the eyes, if any, whether permanent or not, and as to whether she suffered pain or not, and stated in event she was en-

titled to recover it would be just such a reasonable amount as would pay her for the injuries she has suffered.

The defendant excepted to the following part of the oral charge of the court to the jury:

"So address yourselves to the testimony in this case to ascertain whether or not that degree of care was used in the filling of his prescription, and if it was not used, and instead of using in the compounding of the medicines named in the prescription, dangerous or injurious drugs were used proximately causing the injuries or some of the injuries named in the complaint, to this child; the plaintiff would be entitled to recover in this cause, otherwise the plaintiff would not be entitled to recover in this case."

The court in other parts of the oral charge defined "negligence," showed its application to this case, and stated the negligence claimed must be the proximate cause of the injuries complained of.

The court stated:

"Now to be actionable, her injuries must be the proximate result of the use of the medicine."

The court also charged the jury, orally as follows:

"The burden of proof in the case is upon the plaintiff to reasonably satisfy you from the evidence in the case that the material averments of either the first or second count of the complaint are true, before the plaintiff would be entitled to recover. Address yourselves to the testimony in the case to ascertain how this prescription was filled, and with what it was filled, because, as I have stated to you, if it was filled with a solution of boric acid, and that only, that ends the case, and the plaintiff would not be entitled to recover; but if it was filled with injurious medicine or harmful medicine not named in the prescription, negligently filled, as I have defined that term to you, by these defendants, and by a proximate consequence or proximate result of the use of the prescription of the medicine furnished, as provided in the directions of the prescription, this little girl's eyes were injured, she would be entitled to recover."

There are other parts of the oral charge bearing on and making plain the law on this subject. It is not necessary to copy them here. The charge of the court must be looked at, considered, and interpreted as a whole, and not in detached portions. The oral charge fully presents the law on the evidence under the issues in the case, and when it is considered as a whole, as the law requires, it is clear and free from error. Beatty v. Palmer, 196 Ala. 67, headnote 20, 71 South. 422; Thrasher v. Neeley, 196 Ala. 576, 75 South. 115.

[3, 4] There is evidence, positive testimony or legitimate inferences therefrom, which if believed by the jury would entitle the plaintiff to recover under either count 1 or 2 in the complaint. When this is true, the general

affirmative charge with hypothesis should never be given by the trial court for the defendants. There is evidence tending to prove all the averments of each count; and on some of the material averments in each count the testimony is in direct conflict by positive evidence or clear inferences from it. Under such condition of the evidence, the case was properly submitted to the jury. The credibility of the evidence was for their consideration. Morrison v. Clark, 196 Ala. 670, headnote 5, 72 South. 305; West. Ry. of Ala. v. Mays, 197 Ala. 367, headnote 3, 72 South. 641; Bowen v. Hamilton, 197 Ala. 418, headnote 1, 73 South. 5. Hence the court did not err in refusing to give charges numbered 1, 2, and 3. They were general affirmative charges in favor of the defendants, with hypothesis.

Finding no error in the record, the case is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.