(107 So. 751)

**McGAHEY v. ALBRITTON.** (6 Div. 615.)

(Supreme Court of Alabama. March 18, 1926.)

**1. Druggists ☞9.**

Druggist must fill prescription with care and·that degree of diligence which is commensurate with danger.

**2. Parent and child ☞7(1)—Where a father has deserted his family, mother can recover cost of caring for young child during sickness caused by negligence of a third person (Code 1923, § 5694).**

Where mother and young child have been deserted by its father, it is her duty to provide it with care and treatment when it becomes sick, and she is entitled to recover value of her nursing and cost of treatment, where illness was caused by negligence of a third person, in view of Code 1923, § 5694.

**3. Parent and child ☞7(1)—Druggist, negligently placing calomel in prescription, causing child's illness, is liable to child's parent for cost of nursing and treatment.**

Where sickness of a child was caused by druggist's clerk negligently placing calomel in a prescription not calling for it, held, druggist would be liable for reasonable expenses of nursing and medical treatment, and for value of parent's services while nursing it.

**4. Trial ☞139(1).**

Affirmative charge for defendant should be refused, if there is even slight evidence tending to prove plaintiff has right to recover.

**5. Trial ☞40—Interrogatories and answers thereto, when offered and read to jury by party taking them, are evidence in the cause (Code 1923, § 7763).**

Where interrogatories were introduced by plaintiff, and answers to defendant's interrogatories, propounded to him by plaintiff, were read before court and jury, held that, in view of Code 1923, § 7763, they were evidence in the cause.

**6. Appeal and error ☞907(4)—Where bill of exceptions shows it does not contain all the evidence, verdict is presumed sustained by evidence.**

Where bill of exceptions affirmatively shows that it does not contain all the evidence, though bill purports to do so, it will be presumed that there was sufficient evidence to sustain verdict and to warrant overruling motion for new trial.

**7. Damages ☞133—Recovery of $175 by mother held not excessive for sickness of child, where she nursed her for three or four weeks.**

Where mother nursed child, whose sickness was allegedly caused by defendant, day and night for three or four· weeks, and incurred doctor's expense of $55, held that verdict of $175 was not excessive.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by Beatrice Albritton against R. G. McGahey. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

Beddow & Ray, of Birmingham, for appellant.

Plaintiff had no legal right to bring this cause of action. Code 1923, § 5684. The evidence showed that the child suffered because of a disease, and not from a drug contained in the prescription. Defendant was due the affirmative charge. Thompson v. L. & N., 8 So. 406, 91 Ala. 496, 11 L. R. A. 146; W. Ry. of Ala. v. Mutch, 11 So. 894, 97 Ala. 194, 21 L. R. A. 316, 38 Am. St. Rep. 179; Postal Tel. Co. v. Hulsey, 31 So. 827, 132 Ala. 444.

W. F. Spencer and Ralph W. Quinn, both of Birmingham, for appellee.

The plaintiff had the right to bring the suit. Code 1923, § 5694. It is the duty of druggists to know the purposes of drugs and to employ capable persons to dispense them. Tucker v. Graves, 88 So. 40, 17 Ala. App. 602; 9 R. C. L. 703. The question was one for the jury. L. & N. v. Holland, 55 So. 1001, 173 Ala. 675; B. R., L. & P. Co. v. Jung, 49 So. 435, 161 Ala. 461, 18 Ann. Cas. 557.

MILLER, J. This is a suit by Beatrice Albritton, the mother of Doris Albritton, a minor child of tender years, against R. G. McGahey, doing business as Tuscaloosa Avenue Drug Company, for damages sustained by her as a proximate consequence of the defendant, by its clerk, in the performance of his duties under his employment, negligently placing a harmful drug, to wit, calomel in filling a prescription of a physician for her child, which drug was not called for by the prescription, and which made the child sick, and plaintiff had to nurse the said child, employ a physician to attend it, and pay for medicine for it. The defendant pleaded in short by consent the general issue, with leave to give in· evidence any matter which, if well pleaded, would be admissible in defense of the action with plaintiff to have leave to give in evidence any matter which, if well pleaded, would be admissible in reply thereto. There was a verdict in favor of the plaintiff, and from a judgment thereon by the court, this appeal is prosecuted by the defendant.

There is one count in the complaint, which was amended, and as amended, demurrers of the defendant to it were overruled by the court.

[1-3] It appears from the complaint that· defendant is a druggist. The plaintiff secured from a physician a prescription for her child, and sent it to the defendant to be filled. The clerk of the defendant, while acting in the line of his employment, filled

this prescription by placing in it calomel, which was not called for by the prescription. Calomel was harmful and injurious to the child in its condition. It was the duty of the druggist to fill the prescription, after it undertook to do so, with care and "with that degree of diligence and prudence which is commensurate with the danger involved." Martin v. Manning, 92 So. 659, 207 Ala. 360; 19 C. J. p. 778, § 36, headnotes 41, 42.

The complaint avers that duty, and shows a breach thereof, and as a proximate consequence the child was made sick, and continued sick from it for weeks, and that plaintiff was caused thereby to spend her time nursing this child, had to employ a physician to attend it, and incurred the expense of drug bills for it. It appears from this count of the complaint that the child is of tender years, resides with its mother, the plaintiff, and its father had deserted them, and, under such circumstances, when the child became sick, it was the duty of its mother, the plaintiff, to nurse or employ a nurse for it, to secure at her expense a physician to attend it, and to purchase necessary drugs for it. Englehardt v. Yung's Heirs, 76 Ala. 534; B. R. L. & P. Co. v. Baker, 49 So. 755, 161 Ala. 135, 135 Am. St. Rep. 118, 18 Ann. Cas. 477; § 5694, Code of 1923.

It further appears from the complaint that this sickness of the child was proximately caused by the foregoing negligent act of the defendant through his clerk while in the course of his employment, and, if true, the defendant would be liable to plaintiff for reasonable amounts necessarily expended or incurred by her in and about the treatment and care of the child, and for the value of the parent's services while nursing it during this sickness. B. R. L. & P. Co. v. Baker, supra, and authorities supra.

It results that this count, as amended, states a cause of action against the defendant, and the court did not err in overruling the demurrer to it. Section 5694, Code of 1923; Martin v. Manning, 92 So. 659, 207 Ala. 360, and authorities supra.

The defendant requested, and the court refused to give, the general affirmative charge with hypothesis in his favor. The defendant insists that his motion for new trial should also have been granted on the ground the evidence does not sustain the verdict, and there is insufficient evidence to entitle the plaintiff to recover.

[4] The evidence is in striking conflict as to whether the prescription as filled by the defendant contained calomel. The prescription did not call for calomel, but for harmless medicine. There is evidence that it contained calomel, and there is some slight testimony tending to show that this calomel was the cause of the continued illness of the child, and there is much evidence to the contrary. The scintilla of evidence rule prevails in this state. When there is the slightest evidence tending to prove that the plaintiff has a right to recover, that charge should be refused for the defendant. Penticost v. Massey, 77 So. 675, 201 Ala. 261; Brown v. Mobile Elec. Co., 91 So. 802, 207 Ala. 61, headnote 8.

[5, 6] The bill of exceptions purports to set out all of the evidence. It states at the conclusion of the testimony, "This was all the evidence." Yet it affirmatively appears from the body of the bill of exceptions that it does not contain all the evidence that was before the court and the jury on the trial of the issues. In the body of the bill of exceptions we find the following statement:

"During the afternoon session interrogatories were introduced by counsel for the plaintiff, and answers to defendant's interrogatories, propounded to him by the plaintiff, were read. Then plaintiff continued with its evidence."

These interrogatories and the answers made by the defendant to them were before the trial court and in evidence before the jury. They are not in the bill of exceptions. They are not before us. They were offered and read to the jury by the plaintiff, and, under the statute when they were so offered by the party taking them, they are evidence in the cause. Section 7763, Code of 1923. With the bill of exceptions in this condition we cannot intelligently review the ruling of the trial court on that general charge nor its action on the motion for new trial on the grounds named, because all of the evidence, or the substance of all of the evidence, that was before the trial court and the jury is not before us. With the record in this condition, this court will presume there was sufficient legal evidence in the case to sustain the verdict of the jury and to warrant the court in overruling the motion for new trial on the grounds stated. Morrow v. Beck, 92 So. 449, 207 Ala. 339; Brenard Mfg. Co. v. Cannon, 96 So. 760, 209 Ala. 626; Donaldson v. Wilkerson, 54 So. 234, 170 Ala. 507; 1 Michie Dig. 454, § 696 (1).

[7] The defendant insists the motion for new trial should have been granted because the verdict of the jury is for an excessive amount. They assessed the damages of plaintiff at $175. There was evidence that plaintiff nursed the child day and night during this illness, which continued for three or four weeks, and that reasonable compensation per week for a day nurse would be $35, and for a night nurse, per week, would be $35; that plaintiff owed one physician $45, and another physician, called in consultation, $10, for services rendered her child at her request during this illness; and there was evidence that the services rendered by the physicians to the child were reasonably worth the amounts charged the mother of the child by them. So it is evident that the $175 was reasonable compensation, and not excessive, and it was fully sustained by the weight of the evidence. The trial court properly re-

fused to grant the motion for new trial on the ground the damages assessed by the jury were excessive. B. R. L. & P. Co. v. Baker, 49 So. 755, 161 Ala. 135, 135 Am. St. Rep. 118, 18 Ann. Cas. 477, and authorities supra.

The judgment is affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.