# McDaniel *v.* The State.

### Indictment for Murder.

1. *Waiver of irregularity in setting day for trial.*—If there is an irregularity in setting a capital cause down for trial and no objection is made in the court below, the defendant can not raise an objection thereto on appeal, for the first time.

2. *Waiver of objections to testimony not specified.*—When specific grounds of objection to testimony are assigned, all others are waived.

3. *Character of witness material.*—Where a defendant in a criminal case testifies as a witness in his own behalf, evidence as to his general character is material in determining his credibility as a witness.

4. *Charge as to self-defense*—An instruction requested, which assumes a disputed fact as true, and which fails to assert the duty of an assaulted party to retreat if he could do so without increasing his peril or placing himself at a disadvantage, is properly refused.

5. *Slayer must be free from fault.*—When a defendant charged with murder relies on the plea of self-defense as an excuse for the homicide, it is essential that he should be free from fault in bringing on the difficulty which led to the killing, and could not, with safety to himself, have avoided committing the fatal act by retreat.

APPEAL from Cherokee Circuit Court.

Tried before Hon. JOHN B. TALLY.

The defendant was convicted of the murder of Henry Tracy, and the testimony for the State showed that the defendant went to the gate near Tracy's house and after calling for the deceased to come out to see him, got into a quarrel about some reports which he charged deceased with circulating about him, and in the difficulty, shot deceased in the back.

The testimony for the defendant tended to show that defendant went to Tracy's house at the request of deceased, to talk the matter over and that the fatal shots were fired while Tracy was advancing on defendant with an open knife in his hand. There was a conflict in the testimony as to which one of the parties first called the other a liar, but during the altercation the parties were very abusive towards each other. There was also a conflict in the testimony as to whether the deceased was advancing or retreating when he received the fatal shots, and whether he had a knife in his possession. "Mr. Burnett, counsel for the defendant, read to the court from section 381 of Clark's Manual, p. 61, the statement that 'retreat is not required when the assault is made with a deadly weapon,' the court interrupted him,

[McDaniel v. The State.]

and in the presence of the jury said, 'Mr. Burnett, that is not the law.' Defendant then and there duly excepted to this statement of the court. The court then said in the presence of the jury. 'The law is, if a man is attacked with a deadly weapon, and his peril will be increased by retreat, he is not required to retreat.' To the making of this statement by the court the defendant then and there duly objected and excepted."

The defendant requested the following charges to the jury and excepted to the refusal of the court to give them:

(1) "If the jury believe from the evidence that defendant went to the house of Tracy on Tracy's invitation, called Tracy out to talk with him in a friendly manner, and that Tracy, unprovoked, attacked him with a knife, then defendant did not have to retreat, but had the right to strike, even to the death of his assailant." (2) "If defendant was reasonably free from fault in bringing on the difficulty, and Tracy attacked him with a knife, and defendant could not have retreated without increasing his danger, then defendant was justified in killing Tracy, and should be acquitted." (3) "If defendant did not bring on, or encourage the difficulty, and Tracy was attacking and pursuing him with a knife, then defendant did not have to retreat before shooting deceased." (4) "The danger to defendant's life or limb need not be real, but if it appears to a reasonable mind that such danger exists, and he is otherwise free from fault, he is justifiable in killing the assailant." (5) "If the jury believe that defendant was invited to come to the place of deceased to talk over the tales circulated against defendant, peaceably, and that deceased attacked him with a knife, and retreat would have increased his danger, then defendant had the right to strike in self-defense."

J. L. BURNETT, for appellant, cited *Morgan v. State*, 88 Ala. 223; *Baker v. State*, 81 Ala. 40; *Story v. State*, 71 Ala. 336; *Carter v. State*, 82 Ala. 15; *Farriss v. State*, 85 Ala. 5; *Harrell v. State*, 79 Ala. 283.

WM. L. MARTIN, Attorney-General, for the State, cited 94 Ala. 68.

HEAD, J.—If there was an irregularity in setting this cause down for trial, as appellant's counsel contends, it was waived. Appellant went to trial without insisting upon the irregularity and can not now, for the first time, he heard to complain of it.

[McDaniel v. The State.]

The appellant made himself a witness, in his own behalf, and testified generally touching the facts of the case. Subsequently, State's witness Lawrence was asked by the solicitor whether he knew defendant's general character in the community in which he lives. "To this question defendant objected, because 1st: It is irrelevant; 2nd. It is immaterial. The court overruled said objection on each of said grounds and defendant then and there duly excepted. Witness answered, 'I know his general character in the community in which he lived and it is bad.' Defendant objected to said answer on each of the grounds separately and severally assigned to the question. The court overruled said objection and defendant then and there separately and severally duly excepted." We have quoted the language of the bill of exceptions. It is now objected by defendant that being the person on trial for the alleged crime his character could be put in issue only by himself, although he availed himself of the statutory privilege of becoming a witness in the cause. It is enough, in this case, to say that the question thus raised and argued by counsel does not arise upon this record. As we have seen, the objection to the testimony was based upon two special grounds, 1st. That it is irrelevant; 2nd. That it is immaterial. It is a familiar rule that where specific grounds of objection to testimony are assigned all others are waived. The trial court, in such case, is only called upon to pass on and determine the particular objections assigned. The impeaching testimony was neither irrelevant nor immaterial, as insisted in the two grounds of objection assigned. Defendant was a witness in the cause, as well as the person on trial. It was *material* for the jury to know his general character in determining the credit he was entitled to as a witness, and hence such character was *relevant* to the issue. Neither of the grounds of objection, therefore, were well taken, even if the proposition contended for, that accused can make himself a witness and then claim exemption from impeachment by proof of his general bad character, had not been decided by this court to be unsound, as it was in *Mitchell v. State*, 94 Ala. 68.

In cases of homicide, where self-defense is relied upon, the mere fact that defendant is assaulted by deceased with a deadly weapon does not necessarily relieve him of the duty of retreat. Notwithstanding the use of the deadly weapon it is his duty to retreat rather than to slay his assailant, if he can do so, without increasing his peril, or placing himself at a disadvantage. There was no error, therefore, in either of the remarks made by the presiding

Vol. 97.

judge to appellant's counsel, to which exception was reserved.

The first charge requested by appellant is obnoxious to the principle just above stated. It is bad also, in that it assumes that when defendant shot deceased he was in imminent peril, real or apparent, of his life or great harm. Under the evidence, it was a question for the jury whether he was in such peril or not, and the charge withdrew that question from the consideration of the jury. It was properly refused. The second and fifth charges requested have the same vice as that last pointed out in charge number one, and were properly refused.

The third charge is subject to the same objection as the first, in reference to the duty of retreat. The fact that deceased was attacking and pursuing defendant with a knife did not necessarily exempt him from the duty of retreat. Whether it did or not was for the jury to determine, under proper instructions from the court. This charge took that question from the jury.

The fourth charge was calculated to mislead the jury. It will be observed that, in this instruction, two of the essential elements of self-defense are not expressly hypothesized, viz., that the defendant must have been free from fault in bringing on the difficulty, and that he could not with safety to himself have avoided committing the fatal act by retreat. These deficiencies are attempted to be supplied by using the general words, "and he is otherwise free from fault," following the statement of another essential element of the defense. Technically, the words quoted may embrace the essentials of freedom from fault in bringing on the difficulty, and the duty of retreat, but they do not clearly and plainly do so. Instructions to juries should be couched in language plain and unambiguous. This charge is so framed that it was left to the jury to construe the words, "and he is otherwise free from fault," and determine, by their own construction, without aid from the court, the legal constituents of freedom from fault. It required further and explanatory instructions, informing the jury that the words used meant freedom from fault in bringing on the difficulty, and the duty of defendant to avoid the act, if he could have done so with safety, by retreat. Charges with such misleading tendencies, though technically asserting correct propositions of law, are properly refused.

We find no error in the record and the judgment of the Circuit Court is affirmed.