(79 South. 677)

MAY v. STATE. (3 Div. 301.)

(Court of Appeals of Alabama. May 7, 1918.)

1. LARCENY ⊜⇒30(10)—DESCRIPTION OF PROPERTY.

An indictment, describing money stolen as "lawful paper currency of the United States of America, consisting of $20 bills, $10 bills, $5 bills, and $1 bills, a further description of which is to the grand jury unknown," was sufficient.

2. WITNESSES ⊜⇒280—CROSS-EXAMINATION.

Question asked accused on cross-examination, "Don't you know you did not have a cent of money in your pocket, and that you have sworn falsely when you say you had $8?" is subject to criticism, in that all witnesses should be treated with proper respect.

3. CRIMINAL LAW ⊜⇒1153(4) — DISCRETION — CROSS-EXAMINATION.

In cross-examination of witnesses in a criminal case much latitude is allowed, and must be left to the discretion of the court; and, unless this discretion is abused, error cannot be predicated.

4. WITNESSES ⊜⇒337(1) — IMPEACHMENT OF DEFENDANT.

In a criminal case there was no error in permitting testimony impeaching the character of defendant, where he had already testified in the case.

5. LARCENY ⊜⇒3(2)—INTENT—INTOXICATION.

If a person took money when he was too drunk to know what he was doing, but afterwards realized what he had done, and, being sober, formed an idea to keep the money, he was guilty of larceny.

6. LARCENY ⊜⇒3(1)—INTENT.

The question of intent is an essential fact in a charge of larceny.

7. LARCENY ⊜⇒68(2)—INTENT—QUESTION FOR JURY.

In a prosecution for larceny, the question of intent is for the jury to determine under all the evidence.

8. CRIMINAL LAW ⊜⇒789(3) — REASONABLE DOUBT—INSTRUCTIONS.

In a prosecution for grand larceny, where only one degree of crime was to be treated by the jury, it was error to refuse to instruct, "If

you are reasonably doubtful as to the proof in this case of any material allegation in the indictment, then you must acquit the defendant."

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Luther A. May was convicted of grand larceny, and he appeals. Reversed and remanded. Certiorari denied, 79 South. 877.

L. A. Sanderson, of Montgomery, for appellant. F. Loyd Tate, Atty. Gen., and W. T. Seibels, Sol., of Montgomery, for the State.

SAMFORD, J. [1] When the indictment describes the money stolen as "lawful paper currency of the United States of America, consisting of $20 bills, $10 bills, $5 bills, and $1 bills, a further description of which is to the grand jury unknown," it is a sufficient description. Turner's Case, 124 Ala. 59, 27 South. 272; Thomas' Case, 117 Ala. 84, 23 South. 659; Leanard's Case, 115 Ala. 80, 22 South. 564.

[2, 3] The question asked the defendant on cross-examination, "Don't you know you did not have a cent of money in your pocket, and that you have sworn falsely when you say you had $8?" is subject to criticism, in that all witnesses being examined should be treated with proper respect by counsel conducting the examination. Such witnesses are under the protection of the court, and the court should see that questions are propounded with due regard for the respect due them, but much latitude is allowed in cross-examination, and must be left to the discretion of the court, and unless this discretion is abused, error cannot be predicated. Southern Ry. Co. v. Hobbs, 151 Ala. 335, 43 South. 844.

[4-7] There was no error in permitting testimony impeaching the character of defendant, he having already testified in the case. Byers' Case, 105 Ala. 31, 16 South. 716. The charge of the court to the effect that, if when the defendant took the money, he was too drunk to know what he was doing, if afterwards he came to himself while walking along the road, he was sober enough to realize what he had done and then formed the idea to keep the money, he would be guilty of larceny, if he decided then to convert it to his own use, asserted a correct proposition of law. Weaver v. State, 77 Ala. 26; Allen v. State, 91 Ala. 19, 8 South. 665, 24 Am. St. Rep. 856. The question of intent is an essential fact in a charge of larceny, and is for the jury to determine under all the evidence.

[8] The court refused to give at the request of the defendant the following charge:

"The court charges the jury that if you are reasonably doubtful as to the proof in this case of any material allegation in the indictment, then you must acquit the defendant."

The Attorney General in his brief confesses error in the refusal to give this charge as being in conflict with the decision in the case of White v. State, 103 Ala. 72, 16 South. 63; Littleton v. State, 128 Ala. 31, 29 South. 390. With this conclusion we agree. While it is true that in Stoball's Case, 116 Ala. 454, 23 South. 162, Thompson's Case, 131 Ala. 18, 31 South. 725, and Parham's Case, 147 Ala. 57, 42 South. 1, this charge has been held bad in cases of homicide, where there were different degrees of crime to be considered by the jury, it was expressly held to be good and its refusal reversible error in cases where no degrees of crime were to be considered by the jury. In this case, under the evidence, if the defendant was guilty at all, he was guilty of grand larceny—nothing more, nothing less—and hence it is not a case involving a consideration of different degrees of crime.

While there were charges given upon the question of a reasonable doubt, we find no charge in the record, nor do we find in the general charge of the court where this specific requirement is pointed out. For this reason, this charge would not come within the general instructions with reference to a definition of a reasonable doubt.

For the error pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.