(86 South. 127)
TERRY v. STATE. (8 Div. 752.)

(Court of Appeals of Alabama. June 22, 1920.)

1. CRIMINAL LAW ⬤⟶1144(12, 14)—EVIDENCE PRESUMED SUFFICIENT WHERE BILL OF EXCEPTIONS DOES NOT CONTAIN ALL THE EVIDENCE.

Where the bill of exceptions does not contain a recital that it contains all, or substantially all, of the evidence offered in the case, any state of the evidence will be presumed to uphold the rulings of the trial court in its rulings as to evidence or charges requested.

2. CRIMINAL LAW ⬤⟶829(1)—REQUESTED INSTRUCTION FULLY COVERED PROPERLY REFUSED.

It was not error in homicide case to refuse requested instructions fully covered by given instructions.

3. HOMICIDE ⬤⟶114—PERSON ENTERING INTO FIGHT CANNOT INVOKE SELF-DEFENSE.

One who willingly entered into a fight that resulted in the death of another cannot invoke the doctrine of self-defense.

Appeal from Circuit Court, Lawrence County; Robt. C. Brickell, Judge.

Lum Terry was convicted of manslaughter in the first degree, and he appeals. Affirmed.

The following is the charge given for the state:

If you believe from the evidence in this case beyond a reasonable doubt that the defendant entered into the fight willingly, that resulted in the death of John Graham, then the defendant cannot invoke the doctrine of self-defense.

The following charges were given for the defendant:

(4) The court charges the jury that, if they are reasonably satisfied from the evidence in this case that at the time the defendant fired the fatal shot he was in imminent danger of losing his life or suffering grievous bodily harm at the hands of the deceased, or reasonably appeared to be in such danger and honestly fired the fatal shot under such belief, then your verdict should be for the defendant, unless you are satisfied beyond all reasonable doubt from the evidence in this case that the defendant entered the fight willingly, or was at fault in bringing on or encouraging the difficulty; and I charge you as a matter of law that, if you are reasonably satisfied from the evidence that he was in danger as I have just defined, or reasonably appeared to be in such danger, then to fire the fatal shot in honest belief of such danger, with an intent and fixed purpose to kill, would not constitute entering the fight willingly, so as to cut off his right of self-defense, as I have defined the ingredients of self-defense to you; and I further charge you that if what he said or did at the time prior to the fatal shooting was not wrongfully said or done with a view of bringing on or encouraging the difficulty, and, further, if said words, conduct, or deeds of whatever kind did not in fact bring on the difficulty, then such acts and conduct would not be such as to render him at fault in bringing on or encouraging the difficulty, in such manner as to cut off his right of self-defense, as I have defined the same to you.

(5) Before words, conduct, or deeds of the defendant can be said, within the meaning of the law, to encourage or provoke the difficulty, that must have been intentionally said or done by the defendant, and his words, conduct, or deeds must have brought on or encouraged the difficulty.

(6) It is the law that defendant had a right to protect himself from real or reasonably apparent felonious assault upon himself by the deceased, and if, on considering the evidence or any part of it, when considered with the whole evidence, you have a reasonable doubt as to whether defendant was justified in taking the life of deceased in defending himself from such assault, it will become your duty to acquit him.

(44) It is not necessary, under the evidence in this case, that defendant should have been in actual danger of death or great bodily harm at the time he killed deceased, or that retreat would have really increased his peril, in order for him to have been justified in shooting the deceased. He had the right to act on the appearance of things at the time, taken in the light of all the evidence, and had the right to interpret the conduct of deceased in the light of any threat or threats that the evidence proves deceased to have made against the defendant. If the circumstances attending the killing were such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and that he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had a right to shoot deceased in his own defense, although as a matter of fact he was not in actual danger and retreat would not have endangered his personal safety; and if the jury believe that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty was on the state, and, if not shown, the jury should acquit the defendant.

(45) If defendant shot deceased under a bona fide belief that he was in impending danger of life or limb, and he had, under all the circumstances, reasonable cause to believe that he was in imminent danger at the time the shooting was done, it would be immaterial whether there was such danger or not.

(47) If you believe from the evidence in this case that the deceased made a sudden, felonious, murderous attack on the defendant, in such manner as to raise in the mind of a reasonable man the belief, and the defendant did believe, that he was in imminent danger of great bodily harm at the time he fired the fatal shot, then the defendant was under no obligation to retreat and was justified in taking the life of the deceased, provided he was without fault in bringing on the difficulty, and the burden of proof is on the state, in such a case, to show that the defendant was at fault in bringing on the difficulty.

The following charges were refused to the defendant:

(8) The court charges the jury if they are reasonably satisfied from the evidence in this case that the defendant was without fault in bringing on the difficulty, and at the time of the firing of the fatal shot the defendant honestly and reasonably believed the deceased was about to make a murderous attack upon him in such a manner as to immediately imperil his life, the defendant was under no duty to retreat, and was authorized, under the law, to stand his ground and repel such murderous attack by taking the life of the deceased, if it reasonably appeared and he honestly believed it to be necessary to preserve his own life or his body from grievous harm.

(10) I charge you, gentlemen of the jury, that, in order to constitute putting the defendant at fault in bringing on or encouraging the difficulty, his words, conduct, or deeds must have been a contributing cause of the difficulty; it is not enough, as a matter of law, that such words, conduct, or deeds were calculated to encourage or bring on the difficulty, but such words must have brought it on or encouraged it. If you have a reasonable doubt from the evidence in this case as to whether or not what Terry said or did to deceased, or his conduct towards him prior to the commencement of the difficulty, was the cause of the deceased assaulting, or attempting to assault, if you believe he did so assault or attempt to assault him, then I charge you that Terry's words, acts, deeds, and manner towards the deceased prior to the beginning of the difficulty would not put him at fault in bringing on the difficulty, within the meaning of the law.

(15) I charge you, gentlemen of the jury, that, in order to constitute putting the defendant at fault in bringing on or encouraging the

difficulty, his words, conduct, or deeds must have been a contributing cause of the difficulty; it is not enough, as a matter of law, that such words, conduct, or deeds were calculated to encourage or bring on the difficulty, but such words must have brought it on or encouraged it.

(16) I charge you, gentlemen of the jury, that the burden is on the state in this case to satisfy you from the evidence beyond a reasonable doubt that the defendant entered the fight willingly, or fought willingly, and if you have a reasonable doubt from the evidence in this case on that point, then you cannot deny the defendant the benefit of his plea of self-defense, as I have defined that plea and doctrine to you in my oral charge.

(17) If the defendant's acts or words towards the deceased did not actually bring about the difficulty, he was under no duty to retreat. It is not necessary, under the evidence in this case, that the defendant should have been actually in danger of death or great bodily harm at the time he killed the deceased, in order for him to have been justified in shooting deceased. He had the right to act on the reasonable appearance of things at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of the deceased in the light of any threats that the evidence proves deceased to have made against the defendant. If the circumstances attending the killing are such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he honestly believed such to be the case, then he had a right to shoot the deceased in his own defense, although, as a matter of fact, he may have been in no actual danger; and if the jury believe that the defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty and that he entered the fight willingly is on the state. The court charges you that this burden is on the state to prove one or the other beyond a reasonable doubt, either that he was not free from fault in bringing on the difficulty or that he entered the fight willingly, and if not so shown the jury must acquit.

(18) The court charges the jury that if they are reasonably satisfied from the evidence in this case that at the time of the firing of the fatal shot the defendant was in actual danger of losing his life or suffering grievous bodily harm, or reasonably appeared to be in such imminent danger, and he honestly so believed and on such belief fired the fatal shot, then the jury should acquit him, unless they are satisfied from the evidence beyond all reasonable doubt that the defendant was at fault in provoking or bringing on the difficulty, or entered willingly therein; and the court charges the jury that before the defendant can be put at fault, within the meaning of the law, in bringing on the difficulty, he must either say some wrongful word or commit some wrongful deed which did actually provoke or encourage the difficulty, and such words or deeds must have been said or done by him at the time with a knowledge of the circumstances surrounding him, and that his words or conduct at that time would be likely to provoke a difficulty.

(28) If the defendant's acts or words towards the deceased did not actually bring about the difficulty, he was under no duty to retreat. It is not necessary, under the evidence in this case, that the defendant should have been actually in danger of death or great bodily harm at the time he killed the deceased, in order for him to have been justified in shooting the deceased. He had the right to act on the reasonable appearance of things at the time, taken in the light of all the evidence, and he had the right to interpret the conduct of the deceased in the light of any threats that the evidence proves deceased to have made against the defendant. If the circumstances attending the killing are such as to justify a reasonable man in the belief that he was in danger of great bodily harm or death, and he honestly believed such to be the case, then he had a right to shoot the deceased in his own defense, although, as a matter of fact, he may have been in no actual danger.

Callahan & Harris, of Decatur, for appellant.

Refused charge 8 should have been given. 181 Ala. 28, 61 South. 259; 196 Ala. 590, 71 South. 706; 170 Ala. 29, 54 South. 119; 68 South. 334; 183 Ala. 88, 63 South. 73. Refused charge 8 is not covered by given charge 47. 16 Ala. App. 396, 78 South. 312. Refused charges 10, 15, and 18 should have been given. 75 South. 176; 183 Ala. 10, 62 South. 864; 177 Ala. 24, 59 South. 270. Refused charges 17 and 28 should have been given. 5 Ala. App. 96, 59 South. 714, and authorities supra. Refused charge 16 should have been given. 178 Ala. 4, 59 South. 573. The court erred in giving the charge for the state.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The bill of exceptions does not purport to contain all of the evidence, and a state of the evidence will be presumed to support the ruling of the trial court. 168 Ala. 285, 53 South. 279; 200 Ala. 14, 75 South. 326. The exclusion of evidence is not harmful, where the evidence is afterwards admitted. 16 Ala. App. 542, 79 South. 678; 82 South. 503. Not purporting to set out all the evidence, the bill of exceptions does not properly present for review the refused charges. Ante, p. 44, 81 South. 426; 128 Ala. 633, 29 South. 586; 132 Ala. 264, 31 South. 78. The refused charges were substantially covered by the oral charge of the court and the charges given for the defendant.

MERRITT, J. The appellant was convicted of manslaughter in the first degree and his punishment fixed at eight years in the penitentiary. At the time of the killing, the defendant and the deceased were living in an abandoned house, where they were engaged in the manufacture and sale of prohibited liquors. The defendant claimed justification by self-defense. There was evidence tending to show that the defendant

17 Ala.App.—34

undertook to conceal the crime by placing the body in a hole in the ground, inside the house in which they were living, and covering it with dirt. The defendant's testimony controverted this, as well as tended to refute the implication that what the defendant did with or about the body was done under consciousness of guilt.

[1] The bill of exceptions does not contain a recital that it contains all, or substantially all, of the evidence offered in the case. Any state of the evidence will therefore be presumed to uphold the rulings of the trial court in its rulings as to evidence or charges requested. Lamar v. King, 168 Ala. 285, 53 South. 279; Southern Ry. Co. v. Wyley, 200 Ala. 14, 75 South. 326.

The only insistence of error urged by able counsel representing the appellant is based upon the refusal of a number of written charges and the giving of a written instruction at the request of the state. Since no new question of law is presented by the refused charges, no good purpose would be subserved by a detailed treatment of them. Madison v. State, 196 Ala. 590, 71 South. 706. Eighteen charges were refused to the defendant; thirty-five given at his request.

[2] Refused charge 8 proceeds upon the theory that, assuming the defendant's freedom from fault in bringing on the difficulty, the defendant was under no duty to retreat if at the time he fired the fatal shot he believed the deceased to be about to make a murderous assault upon him. Given charge 47 differs from this charge only in the respect that in the latter the duty to retreat was negatived in the event the assault or attack was made. It is sufficient to say, without deciding the propriety of the use of "about to make," etc., that this feature is fully covered by other instructions given by the court to the jury, among them that numbered 4.

Charges numbered 10, 15, and 18, undertaking to define the constituents of fault in bringing on the difficulty, are covered by given charges 4, 5, 6, and 45.

Refused charges 17 and 28 are substantially covered by given charges 44, 45, and 47. But these two refused charges undertake to instruct the jury upon two different phases of the duty to retreat. The latter phase, dealing with the character of the attack as to real or apparent danger, is covered by the given charges mentioned. The other phase is: "If the defendant's acts or words towards the deceased did not actually bring about the difficulty, he was under no duty to retreat." This phase is covered by given charge 4.

Refused charge 16, dealing with the burden of proof resting on the state to establish defendant's willingness to enter the fight, is covered by charges 44 and 47.

[3] The charge given at the request of the state is a correct statement of the law. A party cannot contribute to bringing on a difficulty and voluntarily place himself in danger, and then kill his adversary and claim it was in self-defense. Walker v. State, 89 Ala. 79, 8 South. 144.

After a full examination of the entire record, we are not convinced that the defendant was denied any right due to him under the law.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.