HORTON v. STATE. (8 Div. 163.)

(Court of Appeals of Alabama. June 10, 1924.)

1. Criminal law ⬳1144(10)—Presumed that testimony justified conviction where bill of exceptions does not set out all the evidence.

It will be presumed on appeal that conviction and all rulings were justified, if under any state of proof they would be free from error, and bill of exceptions does not purport to set out all the evidence.

2. Criminal law ⬳448(7)—Question whether shells were same size as one in gun held unobjectionable.

Where witness testified that when officers raided a still they found a gun with a shell in it and other shells in the pocket of one of the men at the still, question whether shells were same size as one in gun did not call for a conclusion.

3. Criminal law ⬳695(5)—Specific ground of objection to testimony waives other grounds.

When a specific ground of objection to testimony is assigned, all other grounds are waived.

4. Criminal law ⬳1043(3)—Objection that testimony was immaterial cannot be raised first time on appeal.

Objection that testimony offered was immaterial cannot be raised for first time on appeal.

5. Criminal law ⬳472—Expert witness may testify to process of manufacture of whisky.

A witness qualified as an expert in a liquor prosecution may testify to the process of manufacture of whisky.

6. Criminal law ⬳1144(14)—Evidence presumed to justify refusal of requested charges where bill of exceptions does not set out all the evidence.

Where the bill of exceptions does not purport to set out all the evidence, it will be presumed that there was sufficient evidence to justify court in refusal of charges asked.

7. Criminal law ⬳844(1)—Exception to oral charge should point out and specify part excepted to.

Exception to the oral charge of the court should point out and specify the part excepted to.

Appeal from Circuit Court, Limestone County; Osceola Kyle, Judge.

Berry Horton was convicted of violating the prohibition law, and appeals. Affirmed.

Barton & Mayhall, of Athens, for appellant.

The question, whether the shells were of the same size called for a conclusion of the witness, and for immaterial evidence. Seigler v. State, 19 Ala. App. 135, 95 South. 563. Defendant was due the general charge. Knight v. State, 19 Ala. App. 296, 97 South. 163; Hanson v. State, 19 Ala. App. 249, 96 South. 655; Gay v. State, 19 Ala. App. 238, 96 South. 646; Thomas v. State, 19 Ala. App. 499, 98 South. 322.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The bill of exceptions does not purport to contain all or substantially all the evidence, and it will be presumed there was evidence sufficient to sustain a conviction.

FOSTER, J. There were two counts in the indictment, the first count charging the manufacture of prohibited liquors and the second count charging the possession of a still.

[1] There was ample evidence to support the verdict of guilty. However, the bill of exceptions does not purport to set out all the evidence, and this court will on appeal presume that there was testimony to justify the conviction, and all the rulings of the primary court if under any state of proof they would be free from error. Montgomery & Eufaula Ry. Co. v. Kolb & Hardaway, 73 Ala. 396, 49 Am. Rep. 54; Sanders v. Steen, 128 Ala. 634, 29 South. 586; Mobile, J. & K. C. R. Co. v. Owen, 121 Ala. 513, 25 South. 612.

[2] A state's witness testified without objection that when the officers raided the still they found there a gun with a shell in it, and other shells in the pocket of one of the men at the still. The defendant objected to the question asked this witness, "Were they the same size of the one in the gun?" on the ground that it called for a conclusion of the witness. The witness replied they were the same size. This was a mere statement of a fact.

A witness may testify that other parties were "trying to fight" and "trying to get together" (Reeves v. State, 96 Ala. 33, 11 South. 296); that a dog is fierce and inclined to bite (Mattison v. State, 55 Ala. 224); that this was the "commencement of the difficulty," and that another was "trying to get away" (Lewis v. State, 49 Ala. 1); that a pistol must be held very close to scorch cloth when fired, though he is not an expert (Miller v. State, 107 Ala. 40, 19 South. 37); that a small boy is a smart boy (Martin v. State, 90 Ala. 602, 8 South. 858, 24 Am. St. Rep. 844); that he heard another "cussing" (Fuller v. State, 117 Ala. 36, 23 South. 688); that he had seen several sheep with the marks changed from that of the prosecutor to that of the defendant (Howard v. State, 108 Ala. 571, 18 South. 813); that he saw a place on the ground that looked like a man's shoulders had struck (Watkins v. State, 89 Ala. 82, 9 South. 134).

[3, 4] When a specific ground of objection to testimony is assigned all other grounds are waived. McDaniel v. State, 97 Ala. 14, 12 South. 241. Objection that the testimony offered was immaterial cannot be raised for the first time on appeal.

[5] The witness Root, having qualified as an expert, was competent to testify to the process of the manufacture of whisky.

[6] The written charges (not numbered) requested by the defendant were properly refused. All of the charges are the equivalent of the general affirmative charge for the defendant. As the bill of exceptions does not purport to set out all the evidence it will be presumed that there was evidence to justify the court in the refusal of the charges asked.

[7] The exception to the entire oral charge of the court on the ground that it was the affirmative charge for the state is without merit. Exceptions to the charge should point out and specify the part excepted to.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.