183 So. 908

### LEE v. STATE.
#### 2 Div. 636.

Court of Appeals of Alabama.
May 10, 1938.

Rehearing Denied June 21, 1938.

J. C. Locke, of Marion, for appellant.

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The indictment was in the form prescribed by the statute, and sufficiently describes the storehouse alleged to have been burglarized. Noles v. State, 24 Ala. 672.

The demurrer to the indictment was properly overruled.

The other questions presented for review are based upon the rulings of the court upon the evidence, and the court's refusal to give certain designated charges presented and requested by the defendant.

The bill of exceptions does not purport to contain all of the evidence, in the absence of which, this court will presume any state of facts necessary to sustain the court in its rulings in passing upon the sufficiency of the evidence. Franks v. State, 26 Ala.App. 430, 161 So. 549; Andrews v. State, 17 Ala.App. 456, 85 So. 840; Terry v. State, 17 Ala.App. 527, 86 So. 127; Patrick v. State, 18 Ala.App. 335, 92 So. 87; Johnson v. State, 19 Ala.App. 308, 97 So. 150; Horton v. State, 20 Ala.App. 55, 100 So. 620.

As was stated in the case of Horton v. State, 20 Ala.App. 55, 100 So. 620, "There was ample evidence to support the verdict of guilty. However, the bill of exceptions does not purport to set out all the evidence, and this court will on appeal presume that there was testimony to justify the conviction, and all the rulings of the primary court if under any state of proof they would be free from error." This statement of the rule is sustained by ample citations of authority.

We find no error in the record, and the judgment is affirmed.

Affirmed.